IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In re )
)
RONALD LLOYD ROBBINS ) Case No. 13-21116
TORI DAWN ROBBINS ) Chapter 13
)
Debtors. )

FILED

2:55 pm, 7/14/14

Tim J. Ellis
Clerk of Court

## OPINION ON TRUSTEE'S OBJECTION TO CLAIM NO. 6 FILED BY WELLS FARGO HOME MORTGAGE

This matter came before the court for a telephonic hearing on June 26, 2014 regarding the Trustee's *Objection to Claim No. 6 filed by Wells Fargo Home Mortgage* and the response filed by HSBC Bank USA, National Association as Trustee for Wells Fargo Home Equity Asset-backed Security 2005-1 Trust, Home Equity Asset-Backed Certificates, Series 2005-1, it assigns and successors ("Wells Fargo"). Debtors did not file a response, but was asked, by the court, to participate at the hearing. Debtors joined the Trustee's objection.

**Jurisdiction**

The court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(B).[1]

**Facts**

Ronald Lloyd Robbins and Tori Dawn Robbins ("Debtors") filed their chapter 13

---

[1] Unless notes otherwise, references to "§" or "section" are to Title 11 of the United States Code, references to "Code" are to the Unites States Bankruptcy Code, and reference to "Rules" are to the Federal Rules of Bankruptcy Procedure.

bankruptcy petition and schedules on December 3, 2013. Debtors filed their chapter 13 plan on December 6, 2013. The *Notice of Chapter 13 Confirmation Hearing and Opportunity to Object* and *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* (collectively known as "Notices") were entered on the court's docket on December 3, 2013. The Notices reflect: (1) the confirmation hearing was scheduled for January 21, 2014 with objections due "not later than 7 (seven) calendar days" before the date of the confirmation hearing; (2) the § 341 meeting of creditors was scheduled for December 30, 2013; and, (3) the deadline for creditors to file a proof of claim (except a governmental unit) was March 31, 2014.

Debtors' plan proposed to cure the default on their mortgage to Wells Fargo in the amount of $3,500.00. The Trustee objected to confirmation of the plan. At the confirmation hearing on January 21, 2014, the court denied confirmation of the initial proposed plan as Debtors failed to provide the Trustee requested information. Wells Fargo did not object to confirmation of the plan.

Wells Fargo timely filed its proof of claim on March 11, 2014 indicating the "amount of arrearage and other charges, as of the time the case was filed included in the secured claim" was $9,103.00 for real estate located at 205 Clover Court South, Lyman, Wyoming. This is a mortgage secured by debtors' principal residence.

On April 17, 2014, Trustee withdrew his objection to the confirmation of the plan. The court entered its *Order Vacating Order Denying Confirmation of Chapter 13 Plan.*

On April 21, 2014, the *Order Confirming Chapter 13 Plan* was entered.

**Discussion**

Trustee objects to Wells Fargo's proof of claim in the amount of $9,103.00 arguing that the confirmed plan provides for payment of Debtors' arrearage in the amount of $3,500.00 and the confirmed plan binds both the debtor and creditor.

The Court re-states the issue: Does the chapter 13 plan confirmation process trump the claim procedure preempting a secured creditor's timely filed proof of claim on debtors' residence. The court reviewed the Bankruptcy Code, Rules, Wyoming Local Bankruptcy Rules ("Wyo. LBR"), Wyoming Local Form "B," and case law.

Within the Tenth Circuit, the District of Colorado Bankruptcy Court entered orders regarding this issue.[2] The Colorado Bankruptcy Court, in *In re Butcher*, describes and analyzes the issue and included different positions of various courts. This Court adopts the analysis of the *Butcher* order.

As stated in *Butcher,* the Bankruptcy Code and Federal Rules of Bankruptcy Procedure contain a number of provisions regarding the processes for plan confirmation and allowance of claims:

"1.    11 U.S.C. § 1322. This section contains a list of provisions that *must* be

---

[2] *In re Butcher*, 459 B.R. 115 (Bankr. D. Colo. 2011) and *In re Gordon*, 471 B.R. 614 (U.S.D.C. Colo. 2012)(*Gordon* appeal dismissed as appellate court lacked jurisdiction to consider debtor's challenge to a district court order, which reversed confirmation of his Chapter 13 bankruptcy reorganization plan as moot because debtor failed to make required payments, such that his bankruptcy was dismissed and any action taken during the bankruptcy proceeding was undone.)(See 743 F.3d 720 (2014)).

Page 3

contained in a chapter 13 plan.³ It also lists provisions that *may* appear in a chapter 14 plan.⁴ Among the key provisions that are relevant here are § 1322(b)(2), which prohibits a debtor from modifying the rights of a creditor who holds a security interest in the debtor's principal residence, and § 1322(e), which require a plan proposing to cure a default to provide for payment of a cure amount determined under the underlying agreement and nonbankruptcy law.

2.   11 U.S.C. § 1324(b) requires chapter 13 confirmation hearings to be held between 20 and 45 days after the § 341 meeting date. It gives the Court discretion to hold the confirmation hearing sooner but not later. Those time frames were added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").⁵ The apparent policy reflected in that amendment is to insure a speedy chapter 13 plan confirmation.⁶

3.   11 U.S.C. § 1325. This section contains the requirements for confirmation of a proposed chapter 13 plan. Among the other, more specific requirements, a chapter 13 plan must comply with the provisions of chapter 13 and with other applicable provisions of the Bankruptcy Code.⁷ In addition, the plan must have "been proposed in good faith and not by any means forbidden by law.⁸ The Supreme Court has stated that § 1325(a) places an independent duty on the court to 'address and correct a defect in a debtor's proposed plan even if no creditor raises the issue.'⁹

4.   11 U.S.C. § 1327(a) states that 'the plan provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such a creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.'

---

³ § 1322(a).

⁴ § 1322(b).

⁵ Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

⁶ *Butcher* citing, *In re Williams*, 385 B.R. 468, 473 (Bankr. S.D. Ga. 2008) and *In re Gonzalez*, 372 B.R. 837, 842 (Bankr. W.D. Tex. 2007).

⁷ § 1325(a)(1).

⁸ § 1325(a)(3).

⁹ *United Student Aid Funds, Inc., v. Espinosa*, 130 S.Ct. 1367 (2010).

5.  11 U.S.C. § 1328 provides generally for the discharge of 'all debtors provided for by the plan or disallowed under section 502....' A notable exception to discharge is a long-term debt provided for under § 1322(b)(5). Most real-property mortgages fall under this exception to discharge.

6.  11 U.S.C. § 502 provides that a claim filed by a creditor is presumed allowed unless the debtor or other party in interest objects to the claim and the Court sustains the objection. It also sets the standards for the Court's allowance or disallowance of a claim as to which an objection is filed.

7.  Fed. R. Bankr. P. 3002(c) provides that a proof of claim is timely if filed within 90 days after the first date set for the § 341 meeting of creditors but that governmental entities are allowed up to 180 days from the date of the order for relief.

8.  Fed. R. Bankr. P. 9006(c)(2) provides that the court may not reduce the time for taking action under Rule...3002(c)...."

9.  Fed. R. Bankr. P. 3007 provides the procedure for filing objections to proofs of claim and for the adjudication of those objections."[10]

Wyo. L.B. Form B ("Form B")

Wyoming LBR 3015-3 requires chapter 13 debtors to file a plan which "must conform with Local Bankruptcy Form B..." Form B provides:

> "Claim Treatment: only filed and allowed claims will be paid. If a discrepancy exists between the amount of a secured claim as filed and the amount of the secured claim set forth in this plan, the plan will control."

and,

> "4. Defaults Cured. The trustee will pay these claims pro rata to cure a default or arrearage, and the Debtor shall timely pay the postpetition monthly payments to the credit due under the contract. Full payment of the amount specified will cure the arrearage and cause any

---

[10] *Butcher* at 119.

Page 5

default to be waived notwithstanding the terms of any agreement between the parties to the contrary. In the absence of a written objection, the amount necessary to cure an arrearage and obtain waiver of default will be determined to be the amounts stated."

The Colorado Bankruptcy Court in *Butler* states, "It is a court's duty to construe different provisions of the Bankruptcy Code in harmony with one another and not in contradiction. The two provisions under review in this case involve the chapter 13 plan confirmation and the claims process.

(1) Plan confirmation.

Upon the enactment of BAPCPA, the chapter 13 plan confirmation process was "fast-tracked." A debtor must file a plan with the petition or within 14 days after the bankruptcy petition is filed.[11] The plan confirmation hearing "may be held not earlier than 20 days after and not later than 45 days after the § 341 meeting of creditors."[12]

(2) Claims Process

The claims process used in all bankruptcy chapters gives creditors the right to file a claim against a debtor's estate.[13] After a claim is filed, it is deemed allowed unless a party in interest objects.[14] The court resolves any objections.[15] Creditors with allowed

---

[11] Rule 3015(b).

[12] Rule 1324(b).

[13] § 501.

[14] § 502(a).

[15] § 502(b).

claims are entitled to distribution under a confirmed chapter 13 plan. The claims process was not "fast tracked" under BAPCPA.

The deadline to file a proof of claim is 90 days after the first meeting of creditors for all creditors except governmental units.[16] Bankruptcy courts may not shorten the deadline for filing a proof of claim.[17] This may result in a chapter 13 plan being confirmed before the deadline for filing proofs of claims expires.

It is this Court's experience that the majority of chapter 13 confirmation hearings held within the time frames required under §1324(b) do not result in a confirmed plan. In this District, the court confirmed 46 initial plans from 164 cases filed in 2012. In 2013, the Court confirmed 22 plans during the initial confirmation hearing of the 127 cases filed.

The court finds that one reason that debtors file for chapter 13 bankruptcy protection is to "save the house." Debtors default on monthly mortgage payments, file for bankruptcy protection, address the arrears in a plan, maintain the mortgage payments of the underlying contract and exit bankruptcy having "saved" their residence from foreclosure and acquire a "fresh start." Debtors often file amended chapter 13 plans as the correct arrears amount is unknown at the time the time the debtor files the bankruptcy petition, schedules and plan. Therefore, debtors estimate the amount necessary to cure

---

[16] Rule 3002(a).

[17] Rule 9006(c)(2).

Page 7

the default in the initially filed plan, then subsequently amend their plan to pay the full default amount through the plan.

(3)     Treatment of secured creditor

A secured creditor is generally a creditor holding a lien or other security interest in debtor's property to secure payment of a debt. Wells Fargo is a secured creditor of the Debtors. Its collateral is the Debtors' residence which secures the Debtors' mortgage.

Neither the Code nor the Rules require a secured creditor to file a proof of claim.[18] However, many secured creditors may and often do file a proof of claim. The relevant Code provisions that permit a chapter 13 debt to address secured claims in a plan, state,

> "(b) Subject to subsection (a) and (c), of this section, the plan may...
>
> (2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence...;*"[19]
>
> "(3) provide for the curing or waiving of any default;"
>
> "(5) Notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payment while the case is pending on any...secured claim on which the last payment is due after the date on which the final payment under the plan is due..."[20]
>
> and,

---

[18] *In re Babbin,* 160 B.R. 848 (Bankr. D. Colo. 1993).

[19] Emphasis added.

[20] § 1322(b)(2), (3) and (5).

Page 8

> "(e) Notwithstanding subsection (b)(2) of this section and section 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable non-bankruptcy law."[21]

Based upon these sections of the Code, a debtor may provide for the payment of mortgage arrears amount in a plan, but cannot modify the creditor's rights, if its claim is secured by a security interest in real property that is debtor's primary residence. In *Butcher*, the court determined, "where the proof of claim, which may be timely filed after plan confirmation, reveals that the plan did not provide for a cure of the full amount of the mortgage arrearage, the court has confirmed a plan that does not contain a saving provision requiring the debtor to reconcile the plan to the allowed claim, the plan would illegally modify a claim secured by the debtor's principal residence in contravention of §1322(b)(2). The teaching of *Espinosa* is that the bankruptcy court committed reversible error if it confirms such a plan."[22]

The court, when analyzing the plan confirmation and claims process, finds that the Code provides for the confirmation of a chapter 13 plan at the accelerated time frame, but does not contain provisions that cut off a creditor's right to receive payment based upon a timely filed and allowed proof of claim. Upon a review of the record, Debtors' confirmed plan modified Wells Fargo's claim. The plan does not provide for curing the

---

[21] § 1322(e).

[22] *Butcher* at 129.

full amount of the arrears asserted by Wells Fargo's proof of claim.

The Court reviewed Form B, and the Colorado Bankruptcy Court's analysis and determinations regarding a local rule that is contrary to the Code. The *Butcher* court states, "It is incumbent upon the bankruptcy courts to avoid confirming chapter 13 plans that do not comply with the Bankruptcy Code. This constitutes reversible error.[23] A local rule that is inconsistent with the Code or attempts to limit a practice allowed by the Federal Rules of Bankruptcy Procedure is invalid.[24]

This court finds that those sections of Form B that limit allowed secured claims which are not filed or liquidated at the time of confirmation are invalid. The court concludes that the language in Form B truncates the time period for a creditor to file a proof of claims under the Bankruptcy Rules. The language is invalid and the court will address its local rule and form in the near future. As the language is illegal and therefore invalid, that part of the confirmed plan is also invalid.

The Code makes it plain that bankruptcy courts "have the authority - indeed the obligation, to direct a debtor to conform his plan to the requirements of the Code."[25] Under §105, the court may issue any order, notice or judgment that is necessary or appropriate to carry out the provisions of the Code.

---

[23] *Id.*

[24] *In re Wilkinson*, 923 F.2d 154, 155 (10th Cir. 1991).

[25] *Espinosa* at 1381.

Allowance of Claim

Upon filing a proof of claim, the claimant must allege facts sufficient to support its claim. If the averments meet these standard, the claim is considered prima facie valid. The objecting party must produce evidence to refute the legal sufficiency of the claim. In this case, neither the Debtor nor the Trustee refutes the validity or amount of Wells Fargo's claim. Therefore, it is an allowable claim.

In conclusion, the court finds that Form B contains language constituting reversible error. Having discovered the error, the court finds Debtors must file an amended plan that does not modify Wells Fargo's claim to comply with the Bankruptcy Code and Rules.

This opinion constitutes the court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 14 day of July, 2014.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
Mark Stewart
George Arnold